MAYS, et al. *vs.* HASSELL. adm'r.

1. Judgment *nunc pro tunc*, may be entered upon a verdict, after the expiration of three years from the time of rendering it—all parties being in Court.

This was a suit upon a promissory note, prosecuted before a justice of the peace of Montgomery county : and was removed into the county Court, by certiorari.

At February term, 1828, of that Court, the parties appeared, and a verdict was rendered in favor of the plaintiff. Upon this verdict an execution was issued, which was subsequently superseded by order of the judge. The order then recited an entry made at November term, 1831, in the following words, to wit—" Hassell, adm'r. *vs.* Mays, et al., came the defendants, by Campbell their attorney, and the plaintiff, by his attorney ; and on motion of said defendants, the execution issued in this case is quashed, there not being any judgment to sustain the same : and on motion of the said plaintiff, by his attorney ; and on inspection of the record of this Court—it appearing to the satisfaction of this Court, that at the February term, 1828, of this Court, a verdict of a jury was returned in favor of the said plaintiff, as such administrator, against said defendant, Mays ; and that the said cause had been brought up to this Court by certiorari ; and that James O. Whipple and Richard H. Cross, were sureties to the bond, at the time of suing out the said certiorari ; and that by an omission of the clerk, no judgment was entered on said verdict—it is therefore considered by the

MAYS, et al. *vs.* HASSELL, adm'r.

Court, now here, that the said plaintiff, as such administrator, recover the sum of thirty-four dollars, his debt,—in the declaration mentioned, and the further sum of eleven dollars interest on said debt, being the amount of the said verdict against the said Mays, and the said Whipple and Cross the sureties aforesaid, now, as of the said February term, 1828," &c.

To reverse this judgment, the defendants prosecuted a writ of error.

LIPSCOMB, C. J.—In this case, a verdict had been rendered by the jury, but no judgment was entered upon it, till after the expiration of three years.—The judgment was rendered *nunc pro tunc*, on the verdict.

The only error relied on is the entering up this judgment after the expiration of three years, from the term when it should have been rendered. The parties were all before the Court, as it appears from the record. We are therefore of opinion, that according to the case of *Wilkinson* vs. *Goldthwait*,[a] decided at the July term, 1831, of this Court, the judgment must be affirmed.